# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Michael Cortes,                          Civil No. 12-1025 (ADM/JJG)

            Plaintiff,

v.                                     **REPORT AND RECOMMENDATION**

[Intentionally left blank],

            Defendant.

       Plaintiff Michael Cortes initiated this action by filing a complaint on April 24, 2012. He is proceeding pro se. Plaintiff did not name a defendant, submit a civil cover sheet, or complete a summons for the Clerk's signature. Plaintiff did pay the $350 filing fee, however, and the Clerk's Office therefore opened the case. The Clerk's Office also mailed Plaintiff instructions on how to obtain a summons and serve the complaint. Plaintiff subsequently filed several letters in the case but did not name a defendant or request a summons.

       This Court issued an order on August 29, 2012, noting Plaintiff's failure to comply with the requirements of Federal Rule of Civil Procedure 4(a) for completing a summons, Rule 4(b) for obtaining a signed summons from the Clerk's Office, and Rule 4(c) for serving the summons. (ECF No. 6.) The Court also found that more than 120 days had passed since the complaint was filed and that no defendant had been served. The Court therefore ordered Plaintiff to file an amended complaint naming a defendant or defendants and to present a completed summons for the Clerk of Court's signature by October 1, 2012. The Court warned Plaintiff that failure to comply with the order could result in dismissal of this action without prejudice.

       As of today's date, Plaintiff has not filed an amended complaint or provided a completed summons to the Clerk of Court, as ordered by the Court. Federal Rule of Civil Procedure 41(b)

permits a court to dismiss an action when a plaintiff fails to prosecute his case or comply with a court order. Fed. R. Civ. P. 41(b); *Henderson v. Renaissance Grand Hotel*, 267 F. App'x 496, 497 (8th Cir. 2008) (unpublished) ("A district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order.") Both of these circumstances have occurred here. Accordingly, the Court recommends that this action be dismissed pursuant to Rule 41(b), albeit without prejudice. *See Hutchins v. A.G. Edwards & Sons, Inc.*, 116 F.3d 1256, 1260 (8th Cir. 1997) (quotations omitted) (noting that dismissal with prejudice is appropriate only in cases of willful disobedience or intentional delay).

Alternatively, dismissal without prejudice under Rule 4(m) is also appropriate. Rule 4(m) permits a court to dismiss an action without prejudice when a defendant is not served within 120 days of the filing date of the complaint. Fed. R. Civ. P. 4(m). Here, Plaintiff has not served the complaint on any defendant, nor has Plaintiff asked for an extension of time or demonstrated good cause for his failure to effect timely service. *See Adams v. AlliedSignal Gen. Aviation Avionics*, 74 F.3d 882, 887 (8th Cir. 1996) (noting that a court may extend the time for service for good cause or at its discretion). Dismissal is therefore warranted.

Accordingly, **IT IS HEREBY RECOMMENDED** that this case be **DISMISSED WITHOUT PREJUDICE** and **JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: October 5, 2012                *s/ Jeanne J. Graham*
                                      JEANNE J. GRAHAM
                                      United States Magistrate Judge

# NOTICE

Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **October 22, 2012**. A party may respond to the objections within fourteen days after service thereof. Any objections or responses shall not exceed 3,500 words. The District Judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made. The party making the objections must timely order and file the transcript of the hearing unless the parties stipulate that the District Judge is not required to review a transcript or the District Judge directs otherwise.